FILED
2006 Aug-08 PM 04:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA, a public corporation,<br>      Plaintiff-Counter-Defendants,<br><br>v.<br><br>NEW LIFE ART, INC. and DANIEL A. MOORE,<br>      Defendants-Counter-Plaintiffs. | CIVIL ACTON: 05-B-0585-W |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW the Defendants, New Life Art, Inc. and Daniel A. Moore, and move this Court to enter a Summary Judgment in favor of Defendants and against the Plaintiff on any claims alleging violation of the Lanham Act, 15 U.S.C. §1114 and 15 U.S.C. §1125.  Under Federal Rules of Civil Procedure 56( c ) Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to Judgment as a Matter of Law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The inquiry is quite clear: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one - sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986).

Defendants are entitled to a Summary Judgment on the Lanham Act claim for the following reasons:

1. Plaintiff has failed to establish any genuine issue as to any material facts that would establish any violation of the Lanham Act by Defendants.

2. Defendants' art, made the basis of this suit, does not violate the Lanham Act and constitutes "fair use" as a matter of law.

3. Plaintiff has failed to establish any genuine issues as to any material fact that Defendants' art and products are likely to cause confusion, or to cause mistake, or to deceive consumers regarding the source of the works in question.

4. Plaintiff should be barred from recovery under the Lanham Act under the doctrine of laches. There is no genuine issue of any material fact to dispute that Plaintiff delayed asserting any rights made the subject of this suit for over 25 years; that this delay was not excusable; and, there was prejudice to Defendants.

5. Plaintiff should be barred from recovery under the Lanham Act because there was acquiescence by Plaintiff to the actions of Defendants made the basis of Plaintiff's claims.

6. Defendants were exercising their First Amendment rights in freedom of expression in the works made the basis of this suit and, therefore, Plaintiff cannot establish any genuine issues of material fact on their claims of Lanham Act violations.

7. Defendants were acting with the explicit and implicit authorization and promotion of Plaintiff regarding the works made the basis of this suit and, therefore, Plaintiff cannot establish an unauthorized use of any purported protected marks or trade dress under the Lanham Act.

8. Plaintiff has itself caused or contributed to cause any purported likelihood of confusion regarding the source of the works at issue in this case.

9. Plaintiff has failed to issue any cease and desist demand which is required as an element of their Lanham Act claims.

10. Plaintiff has allowed and even promoted the use of its purported marks in art by other third-party, unlicensed artists besides Defendants and indicated its acceptance and authorization thereof.

Defendants further move the Court for the entry of Summary Judgment in favor of Defendants and against Plaintiff on the Defendants' counter-claim for Declaratory

Judgment that Defendants' art made the subject of this suit is protected by the First Amendment regarding any purported protected marks of Plaintiff in the image areas of Defendants' artworks. There are no genuine issues of material fact to dispute this entitlement to First Amendment protection and Defendants/Counter Plaintiffs are entitled to a Judgment on this claim as a Matter of Law.

                                            Respectfully submitted,

                                            s/Stephen D. Heninger
                                            Stephen D. Heninger [ASB5227E68S]
                                            Erik S. Heninger [ASB1189K46H]
                                            Heninger Garrison Davis, LLC
                                            P. O. Box 11310
                                            Birmingham, Alabama 35202
                                            (Telephone)     205.326.3336
                                            (Facsimile)      205.326.3332
                                            E-mail:     Steve@hgdlawfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 8th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Stancil Starnes, Esq.
Jay M. Ezelle, Esq.
Tabor R. Novak, III, Esq.
STARNES & ATCHISON, LLP
P. O. Box 598512
Birmingham, Alabama 35209
Tel:   205-868-6000
Fax:  205-868-6099

jezelle@starneslaw.com

  And I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Richard R. Edwards, Esq.
Jerre B. Swann, Esq.
Christopher J. Kellner, Esq.
KILPATRICK STOCKTON, LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309-4530
Tel: 404-815-6500
Fax: 404-815-6555
raedwards@kilpatrickstockton.com

                s/Stephen D. Heninger
                Stephen D. Heninger [ASB5227E68S]
                Erik S. Heninger [ASB1189K46H]
                Heninger, Burge, Vargo & Davis, LLP
                2146 Highland Avenue
                Birmingham, Alabama 35205
                (Telephone) 205.933.2345
                (Facsimile) 205.933.1616
                E-mail: Steve@hbvdlaw.com