FILED
2008 Apr-22 PM 06:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **THE UNIVERSITY OF ALABAMA BOARD OF TRUSTEES,**   )<br>)<br>Plaintiff and   )<br>Counter Defendant,   )<br>)<br>vs.   )<br>)<br>**NEW LIFE ART, INC., and**   )<br>**DANIEL A. MOORE,**   )<br>)<br>Defendants and   )<br>CounterClaimants.   ) | Civil Action Number<br>**7:05-cv-00585-UWC** |

**MEMORANDUM OPINION DENYING
SUMMARY JUDGMENT MOTIONS**

The parties have filed motions for partial summary judgment,[1] which have been duly considered by the Court.

Based on the existence of genuinely disputed facts, these motions for summary judgment are due to be denied.

**THE CLAIMS AMD RELEVANT FACTS**

On March 18, 2005, Plaintiff University of Alabama filed this action against Defendants New Life Art, Inc. and Daniel Moore alleging, *inter alia*, breach of contract, unfair competition, and trademark violations under the Lanham Act, 15

---

[1]Because of the stay of proceedings on the other claims, only the claims and counterclaims regarding trademark violations of the Lanham Act have been briefed.

U.S.C. § 1051 *et. seq*. The cases arises out of Daniel Moore's artwork, which depicts historic Alabama sports moments and popular Alabama players and coaches. (*See* Compl., Doc. 1).

In their answer, the Defendants deny Plaintiff's allegations. Moreover, they counterclaimed for, *inter alia*, violation of the Visual Artist's Rights Act 17 U.S.C. § 106(A), Declaratory Relief under the Lanham Act, intentional interference with business relations, violations of the Alabama Deceptive Trade Practices Act, and violations of the old civil rights law, 42. U.S.C. § 1983.

Plaintiffs argue that they are entitled to summary judgment because "it is virtually uncontested that [defendants] have violated the Lanham Act in connection with their sale of products bearing University trade dress indicia, specifically the university's distinctive crimson and white colors and football team uniforms." (Doc. 100, at 1.) In their response and in their own Motion for Summary Judgment, Defendants essentially claim that (1) there is no likelihood of confusion, (2) to the extent that the Plaintiff has trademark rights in the circumstances, they run afoul of the First Amendment of the United States Constitution, (2) Moore's art constitutes "fair use" under the Lanham Act, and (3) Plaintiff is estopped from pursing the claims set forth in the complaint.

It is undisputed that Defendants sell products that depict the University of Alabama football team by recreating historic moments and showing crimson and

white uniforms. (Doc. 100, at 7; s*ee also* Ezelle Dec.¶ 14.) Indeed, Moore attempts to create super-realistic depictions of historic football moments. (Doc. 100, at 7; *see also* Moore Dep. I, at 84-85.)  Defendant Moore' artwork is extremely popular among Alabama football fans.

## CONTROLLING LAW

Under the Lanham Act, 15 U.S.C. § 1051 *et. seq*., trademark infringement is the unauthorized use "in commerce [of] any reproduction, counterfeit, copy, or colorable imitation of a registered mark" that is "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a); *AmStar Corp. v. Domino's Pizza,* 615 F.2d 252, 258 (5th Cir.1980) . In the Eleventh Circuit, a seven-prong test is utilized to determine whether use of a particular mark is likely to cause confusion:

> (1) the type of mark used by the Plaintiff;
> (2) the similarity of the marks;
> (3) the similarity of the goods or services represented by the marks;
> (4) the similarity of the retail outlets and the customers served;
> (5) the similarity of the advertising media used by the parties;
> (6) whether the Defendant had the intent to infringe;
> (7) any evidence of actual confusion.

*Frehling Enterprises, Inc. v. International Select Group, Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999).

Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue as to any material fact and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law. *See Earley v. Champion*

*Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also* Fed. R. Civ. P. 56(c).

The party requesting summary judgment always has the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *See Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d 994, 996-97 (5th Cir. 1979). Evidence that is merely colorable, conclusory, or conjectural does not create a genuine issue of material fact. *See, e.g.*, *Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

## ANALYSIS

Put simply, summary judgment is inappropriate because genuine issues of material fact exist throughout the case *sub judice*. Specifically, with respect to Plaintiff's Motion for Summary Judgment, the likelihood of confusion is not at all clear.

For example, the University has produced telephonic survey of its randomly-selected season ticket holders who are likely to purchase its memorabilia over the internet. This survey purports to show that 18% of those surveyed were in fact confused as to whether the University was sponsoring or promoting the works produced by Defendants. (Doc. 100, at 27; *see also* Ford Rpt. ¶ 2.) However,

Defendants have questioned both the admissibility and the weight of the survey.[2] They contend that the universe utilized by the survey is inadequate, pointing out that the appropriate universe would include non-season ticket holders and non-internet purchasers. They indicate that 85% of their sales are non-internet and involve personal interaction between the buyer and seller – which, if true, would cast serious doubt as to the weight, if any, the factfinder should give to the survey. (Doc. 75-6, at 3.)

Defendants' Motion for Summary Judgment fares no better. Hotly-contested factual issues abound with respect to the Plaintiff's authorization and promotion of Defendants's artwork. The professional relationship between Plaintiff and Defendant Moore has been ongoing for nearly a third of a century, including a ten-year period during which Moore did not seek licensing from the University, a nine-year period in which the University issued licenses to Moore.

Promises, understandings, and alleged representations made by and between the parties during this prolonged time period are, quite unremarkably, contested.

Amidst these disputed facts, neither party is entitled to partial summary judgment.

## CONCLUSION

By separate order, the parties' respective motions for partial summary judgment

---

[2] *See, Amstar,* F.2d at 264*; Exxon Corp. v. Texas Motor Exchange of Houston, Inc.,* 628 F.2d 500, 507 (5th Cir.1980).

will be denied.

                                                                           U.W. Clemon
                                                 United States District Judge