FILED
2008 Jun-09  PM 05:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **THE UNIVERSITY OF ALABAMA BOARD OF TRUSTEES,**  Plaintiff/Counter-Defendant,  vs.  **NEW LIFE ART, INC., and DANIEL MOORE,**  Defendants/Counterclaimants,  **FINUS P. GASTON and ROBERT WITT, President of the University of Alabama,**  Counter-Defendants. | Civil Action Number  **7:05-cv-0585-UWC** |

### MEMORANDUM OPINION ON COUNTER-DEFENDANTS' SECOND MOTION TO DISMISS and DEFENDANTS' MOTION FOR JOINDER

Before the Court is a second motion[1] of Counter-Defendants Dr. Robert Witt, President of the University of Alabama, and Dr. Finus P. Gaston to dismiss the counterclaim against them. (Doc. 141.) The counterclaimants have moved to join their counterclaims against President Witt and Dr. Gaston. ( Doc. 144.) For the reasons which follow, the Court finds and concludes that the first motion is due to be

---

[1] The first motion was filed on April 13, 2005. Doc. 24. On November 1, 2005, Judge Proctor stayed the motion, pending "additional briefing on the issue of discretionary function immunity....". (Doc. 41, at10.)

denied; and the second motion is moot.

## I. The Motion to Dismiss

In their second Motion to Dismiss, individual counter-Defendants Witt and Gaston argue that (1) the remaining counterclaim (intentional interference with business relations) cannot stand because they were non-parties to this litigation at the time the counterclaim was filed; and (2) the counterclaimants cannot satisfy the requirement of joinder.[2]

The counterclaimants attached their Counterclaim against President Witt and Dr. Gaston, among others, to their answer. (*See* Doc. 3, at 13-27.) The first paragraph of the Counterclaim recites:

> Defendants hereby file this counterclaim and **join additional parties** pursuant to Rule 13(h) F.R.C.P. and Rules 19 and 20 F.R.C.P. Defendants (Counter-Plaintiffs), add the following parties for purposes of this counterclaim seeking individual, joint and several liability against these Counter-Defendants in addition to the Plaintiff (Counter-Defendant)[.]

*Id.*, (emphasis supplied.)

President Witt and Dr. Gaston are the first two of the named counterclaim defendants. (*Id.,* at 13.) Count III of the Counterclaim ("Intentional Interference with Business Relations"), specifically alleges that

> Counter-Plaintiffs further aver that Counter-defendants. Robert E. Witt and Finus Gaston, acting in their individual and personal capacities, have

---

[2]These defendants apparently have abandoned their argument that the intentional interference claim should be dismissed based on discretionary function immunity, since it is not mentioned in the second motion.

acted beyond their authority, in bad faith, and clearly mistaken interpretation of the law by engaging in a pattern of acts designed to intentionally interfere with the business relations of Counter-Plaintiffs.

(*Id.,* at 22.)

Under the Federal Rules, the Defendants are required to satisfy two conditions in order to join President Witt and Dr. Gaston as counter-defendants. First, the Defendants must assert a right to relief against President Witt and Dr. Gaston "jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . ." Fed. R. Civ. P. 20(a)(2). Second, factual or legal questions common to all defendants will be present in the action. *(Id.)*

Clearly, President Witt and Dr. Gaston have properly been joined in this action. They have not raised the propriety of their joinder until only recently; and they have actively defended against the counterclaims – prevailing on the civil rights counterclaim under 42 U.S.C. § 1983. They cannot claim **any** prejudice attributable to the joinder. Their joinder in this action has served the end of judicial expediency. *See Alexander v. Fulton County* 207 F.3d 1303 (11th Cir. 2000).

The second motion to dismiss will be denied by separate order.

II.

Since the Defendants satisfied the requirements for joinder in their counterclaim, and there is no requirement that a motion for joinder be separately filed

where new parties are joined as defendants in a counterclaim, the recently filed motion for joinder ( Doc. 144) is moot.

It will be found as such by separate order.

Done the 9th day of June, 2008.

_____
U.W. Clemon
United States District Judge