FILED
2008 Jul-11  PM 06:54
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **THE UNIVERSITY OF ALABAMA BOARD OF TRUSTEES,** | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **NEW LIFE ART, INC., and DANIEL MOORE,** | ) | Civil Action Number **7:05-cv-0585-UWC** |
| | ) | |
| Defendants/Counterclaimants, | ) | |
| | ) | |
| **FINUS P. GASTON and ROBERT WITT, President of the University of Alabama,** | ) | |
| | ) | |
| Counter-Defendants. | ) | |

**MEMORANDUM OPINION ON COUNTER-DEFENDANTS'
EMERGENCY MOTION TO STAY**

Counter Defendants Dr. Robert E. Witt ("President Witt"), President of the University of Alabama ("the University")  and  Dr. Finus Gaston ("Dr. Gaston"), Senior Associate Athletic Director, have requested that the Court "immediately stay the present proceedings, in their entirety . . . ." (Doc. 185.)  President Witt and Dr. Gaston have filed a Notice of Appeal from this Court's Orders of June 10 and July 2, 2008.  (Doc. 184.)

For the reasons outlined below, the motion will be denied.

**Background**

This action was filed by the University on March 18, 2005.  It is already a three-year old case, whose delinquency is required to be reported and justified by the Court under the Civil Justice Reform Act, unless it is terminated prior to October 1 of this year.  During the case's three-year history, this judge is the fourth to be assigned  to the case.[1]  The case is presently scheduled for trial on August 4, 2008.

Since the entry of the Pretrial Order, the parties have exchanged witness and exhibit lists, filed proposed jury instructions and voir dire questions, and a jury has been summoned for the  trial.  (Docs. 169, 172, 173, 174, 175, 176, 177, 178, 179. 180, 181.)

I

In April 2008, shortly after the case's most recent assignment, the Court held a status conference.  As a result of the consultations at that conference, the Court issued an order setting dates for discovery cut-off and the pretrial conference, as well as a trial date of Monday, June 23, 2008. (Doc. 131.)

On motion of the University, the Court continued the trial from June 23, 2008, to August 4, 2008. (Docs. 135, 136, 137.)

In President Witt and Dr. Gaston's April 13, 2005, first motion to dismiss and the accompanying brief, they did not raise the defense of state

---

[1]  Judges Blackburn, Proctor, and Coogler were previously assigned to the case.  Judge Acker's attempt to mediate it was unsuccessful.

agent/discretionaryfunction immunity in connection with the claim of intentional interference with business relations or any other counterclaim.  (*See* Docs. 24, 25.)[2] Although they indicated at a hearing before Judge Proctor that they were asserting a state law discretionary function immunity defense to the intentional interference claim,[3] they never reduced it to writing or provided any subsequent briefing as requested by Judge Proctor. Incredibly, in their  second motion to dismiss, which President Witt and Dr. Gaston now contend was the brief requested by Judge Proctor,

---

[2] The summary of Argument section of President Witt and Dr. Gaston's' brief lists the following arguments:

I.   **All Claims Against President Witt and Dr. Gaston**
     **(Counts I-V) Are Barred By the Doctrine of Qualified Immunity . . . .**

     A.   **President Witt and Dr. Gaston Were Acting Within the Scope**
          **of Their Discretionary Authority . . . .**

     B.   **Defendants Cannot Meet Their Burden of Demonstrating That**
          **President Witt and Dr. Gaston Are not Entitled to Qualified**
          **Immunity . . . .**
          . . . .

II.  **Even Without the Bar of Qualified Immunity,**
     **Defendants Fail to State A Claim Against President**
     **Witt and Dr. Gaston . . . .**

     A.   **Defendants Have not Alleged Any Facts That Would Suggest That**
          **President Witt or Dr. Gaston Acted Wrongfully . . . .**

     B.   **Defendants' Claim of Intentional Interference With Business**
          **Relations is Due to be Dismissed . . . .**

(Doc. 25, at i) (emphasis in original).

[3] (Doc. 84, Oct. 27, 2005, Hearing Transcript at 79-89.)  In the Memorandum Opinion following the hearing, Judge Proctor indicated that "additional briefing is necessary on the issue of state law discretionary function immunity before the court can properly consider that defense." (Doc. 41 at 10.)  Prior to the entry of the Pretrial Order, President Witt and Dr. Gaston did not memorialize or file any subsequent brief on the state agent defense.

President Witt and Dr. Gaston did not once mention the state agent immunity defense.

Doc. 141;[4] Doc. 186, p. 8.

In the view of this Court, to the extent that it was alluded to at the hearing and in the subsequent Opinion of Judge Proctor, the state agent immunity defense had been abandoned by the time of the pretrial conference. It was not discussed at the pretrial conference; and it was not included in President Witt and Dr. Gaston's statement of position in the jointly-drafted pretrial order..

## II

The June 10, 2008, Order provides:

On April 30, 2008, this Court denied the Counter-Defendants' Motion to Dismiss. Doc. 139. Instead of filing a responsive pleading within the ensuing ten business days,[5] and in contravention of Rule 12(g)(2),[6] the Counter Defendants filed yet another motion to dismiss.

---

[4]In their second motion to dismiss, the Counter-Defendants allege and argue only the following:

Defendants' claims against President Witt and Dr. Gaston are due to be dismissed for the following separate and independent reasons: (1) Defendants cannot assert a counterclaim against President Witt and Dr. Gaston because they were not parties to the original lawsuit; (2) Defendants have not and cannot join President Witt and Dr. Gaston to the counterclaim under Rule 20; (3) Defendants have not pled a valid claim against the University and, thus, there is no counterclaim with which to join the claim against President Witt and Dr. Gaston; and (4) this Court should not exercise supplemental jurisdiction over the only remaining state law claim against President Witt and Dr. Gaston.

Doc. 141, p. 2.

[5]See F.R.Civ.P. ("Rule") 12(a)(4)(a).

[6]The Rule provides:

*Limitation on Further Motions*. Except as provided in Rule 12(h)(2) or (3), a

The latter motion was denied yesterday at the pretrial conference; and today, the Counter Defendants have a filed a "Reply to Counterclaim." Doc. 162.  In the Reply, the Counter Defendants have asserted **fifty-nine (59)** affirmative defenses!

The affirmative defenses come to late, both  under the Rules of Civil Procedure and the extant orders in this case.  They were not mentioned at the Pretrial Conference and are not included in the Counter Defendants' Statement of Position in the Pretrial Order submitted jointly by the parties. See, Doc., 163 ¶5(e).  Due process for the Counterclaimant would require the Court to re-open discovery and delay the trial if these new affirmative defenses are now injected into the case.

Accordingly, the affirmative defenses asserted in the Reply to Counterclaim are hereby STRICKEN, *sua sponte*.

(Doc. 164.)

The July 2, 2008, Order provides:

Because the Counter-Defendants have failed to show good cause, their belated request for leave to amend the Pretrial Order, Doc. 168, is hereby DENIED.

Because of its untimeliness, the Counter-Defendants' Motion for Summary Judgment, Doc. 165, is hereby STRICKEN.

In view of the showing made by counsel for the Counter-Defendants in  response to the Order to Show Cause, Doc. 167, sanctions will not be imposed.

(Doc. 171.)

### III

Contrary to the suggestion of President Witt and Dr. Gaston in their Notice of

---

party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Appeal, the Court has not denied their state law discretionary function affirmative defense. Rather, it struck the defense because it was asserted only after the close of discovery, entry of the Pretrial Order , and with a trial impending trial in a few weeks. The Court never reached the merits of the state agent immunity defense.[7]

Thus, the appeal[8] raises the issue of whether the Court abused its discretion by striking as untimely both President Witt and Dr. Gaston's affirmative defenses and their summary judgment.[9]

IV

A stay of the proceedings against President Witt and Dr. Gaston pending appeal is not appropriate.

A.

It is hornbook law that the Pretrial Order "controls the course of action unless the court modifies it." Fed. R. Civ. P. ("Rule")16(d); *McGinnis v. Ingram Equip. Co., Inc.*, 918 F.2d 1491, 1494 (11th Cir. 1990)). Moreover, pursuant to Rule 16(e) "[t]he court may modify the order issued after a final pretrial conference only to prevent

---

[7] Indeed, like the qualified immunity defense which President Witt and Dr. Gaston timely asserted and on which they prevailed, the state agent immunity defense may have been meritorious had it been timely pled. Further, the statute of limitations defense, had it been timely pled, may well have had substantial merit.

[8] The Court does not question the established law that the denial of state agent immunity is immediately appealable. *See Sheth v. Webster*, 145 F.3d 1231, 1235 (11th Cir. 1998) (holding that the Eleventh Circuit has "jurisdiction to review the denial of discretionary-function immunity provided for under Alabama law.").

The Court implicitly found that the belated assertion of the affirmative defenses would prejudice the due process rights of the Counterclaimants. (Doc. 164.)

manifest injustice."

The most celebrated treatise on federal procedure admonishes that the "pretrial conference should not be viewed as merely an informal meeting at which those included can act without concern for future consequences." 6A Charles Allan Wright & Arthur R. Miller, Federal Practice & Procedure § 1527. "Thus it would not be unreasonable to hold [the parties] to the statements they make and the agreements they enter into at the conference and restrict their proof at trial to the issues set forth in the pretrial order." *Id.* "Just as a party may be bound by what he says at a pretrial conference, he also may be bound by what he fails to disclose." *Id.*

In *Hodges v. United States*, 597 F.2d 1014, 1017 (5th Cir. 1979), the Fifth Circuit held that a defendant can waive a potential defense by failing to ensure that the issue is clearly preserved in the pretrial order. *See id. Hodges* involved a suit by two taxpayers who sought a refund on taxes they had paid on behalf of a defunct corporation. *Id.* at 1015. Throughout the pendency of the action, the IRS had put forth one primary defense and another defense in the alternative. The district court refused to allow them to assert the latter at trial. It did so because the defense was not preserved in the pretrial order, even though the order included a vague reference to the alternative defense.[10] *Id.* at 1017.

---

[10] The IRS' alternative defense, which the district court disallowed, was that the taxpayers were liable for the amounts they paid. The IRS contended that the issue was preserved for trial because the order listed as an issue, "whether or not [the taxpayers] can recover the amount sued for on the ground that they had no legal liability to pay . . . ." *Hodges*, 597 F.2d at 1017 n.5.

Abundant Eleventh Circuit authority supports the Court's decision that, by failing timely to assert it, President Witt and Dr. Gaston have waived their right to assert the state agent immunity affirmative defense.  *Boyd v. Carroll,* 624 F.2d 730, 732-33 (5th Cir.1980) (stating "[t]he failure to plead judicial immunity waived the affirmative defense.");  *Moore v. Morgan,* 922 F.2d 1553, 1557 (11th Cir. 1991) (stating "because Morgan and the commissioners never raised [the qualified immunity] affirmative defense, we hold that it was waived.");  *Proctor v. Flour Enterprises,* 494 F.3d 1337, 1350 (11th Cir. 2007).

Generally, "[c]ounsel may waive the right to have an issue decided by failing to identify the issue to the court at the pretrial conference, regardless of whether the issue is a legal or factual one." *Morro v. City of Birmingham,* 117 F.3d 508, 516 n.3 (11th Cir.1997) (citing *Lexington Ins. Co. v. Cooke's Seafood*, 835 F.2d 1364, 1368 (11th Cir. 1988)); *see also Day v. Liberty National Life Ins*. Co., 122 F.3d 1012 (11th Cir. 1997) (stating that a defendant can waive an affirmative defense by not preserving that issue in the pretrial order).

It is of no moment that, in their Statement of Position in the Pretrial Order, President Witt and Dr. Gaston indicated that they "are entitled to summary judgment based on the reasons set forth in their motion for summary judgment and supporting memorandum of law."  (Doc. 163, at ¶ 6(e).)  This statement had no significance, because at the time the Pretrial Order was entered, they had not filed a motion for

summary judgment!

In *Hodges*, the IRS contended on appeal that a vague statement in the pretrial order encompassed their alternative defense and, at the very least, the district court should have allowed them to amend the pretrial order. *Id.* The Fifth Circuit upheld the district court's refusal to modify the pretrial order:

> [W]e don't believe the trial judge should, for fear of appellate correction, be forced into an overbroad interpretation of such orders. Such a practice would be inconsistent with the underlying purpose of the pretrial procedure to define and limit the issues for trial. Without the above rule all litigants would have the burden of anticipating issues whose possible presence in an obfuscated pretrial order is overshadowed by the opposing party's active assertion of totally inconsistent issues. We cannot hold that the district court acted arbitrarily in viewing the unclear pretrial order as not fairly apprising the taxpayers of the defense which the IRS later sought to assert.

*Hodges,* 597 F.2d at 1017.

The Eleventh Circuit substantially defers to a trial court's decision to allow or disallow amendments to pretrial orders. *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1334 (11th Cir. 2005) (citing *Mutual Serv. Ins. Co. v. Frit Indus. Inc.,* 358 F.3d 1312, 1323 (11th Cir.2004)).

It also bears remembering that

> [d]istrict courts 'enjoy broad discretion in deciding how best to manage the cases before them,' and that discretion extends to whether to consider untimely motions for summary judgment.

*Enwonwu v. The Fulton-Dekalb Hospital Authority*, No. 07-13498, 2008 WL 2009517, *5 (11th Cir. May 12, 2008) (internal citations omitted).

B.

President Witt and Dr. Gaston contend that the June 10 and July 2, 2008 Orders are immediately appealable under the "collateral order doctrine" as interpreted by the United States Court of Appeals for the Eleventh Circuit." (Doc. 184 at 2.)

As a general rule, appeals of district court orders are limited to final judgments. *See* 28 U.S.C. § 1291, otherwise known as the "final judgment rule." The final judgment rule means that "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits . . . ." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). As the Supreme Court has observed:

> Immediate review of every trial court ruling, while permitting more prompt correction of erroneous decisions, would impose unreasonable disruption, delay, and expense. It would also undermine the ability of district judges to supervise litigation. In § 1291, Congress has expressed a preference that some erroneous trial court decisions go uncorrected until the appeal of a final judgment, rather than having litigation punctuated by 'piecemeal appellate review of trial court decisions which do not terminated the litigation.'

*Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 428-29 (1985).

The collateral order doctrine is a narrow exception to the final judgment rule. *See Firestone, Richardson-Merrell, supra.* To pass the test for invocation of the collateral order doctrine, at least three elements must be satisfied: (1) the order appealed from must conclusively determine the disputed question; (2) the order must resolve an important issue completely separate from the merits of the action; and (3) the Order must be effectively unreviewable on appeal from a final judgment. This

test is strictly applied. *Richardson-Merrell*, 472 U.S. at 432; *see also Devine v. Indian River County School Board*, 121 F.3d 576, 579 (11th Cir. 1997).

Assuming *arguendo* that President Witt and Dr. Gaston can satisfy the first two elements of the collateral rule doctrine, they clearly fail the third element of the collateral doctrine test. For, if a judgment is rendered against them, they can raise on appeal this Court's alleged abuse of discretion in striking their state agent immunity affirmative defense.

## C.

President Witt and Dr. Gaston will suffer no irreparable injury by proceeding to trial. They have completed discovery and are presumably ready for trial. At the end of the Counter claimants' evidence against them at trial, they may seek judgment as a matter of law. If that motion fails, the jury may return a verdict in their favor. If a verdict is returned against them, they may seek review on appeal of the Court's orders striking their affirmative defenses and summary judgment motion.

## Conclusion

Since President Witt and Dr. Gaston have not shown (1) a right to appeal the June 10 and July 2 orders striking their affirmative defenses and summary judgment motion, (2) a likelihood of success on the merits of their appeal, and (3) that they will be irreparably harmed by proceeding to trial, their motion for a stay will be denied by separate order.

_____

U.W. Clemon
United States District Judge