IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF ) <br> THE UNIVERSITY OF ) <br> ALABAMA, a public corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> NEW LIFE ART, INC. and ) <br> DANIEL A. MOORE, ) <br> ) <br> Defendants. ) | Civil Action No: <br> 7:05-cv-00585-UNAS-RBP |

## PRESIDENT WITT AND DR. GASTON'S MOTION TO STRIKE PORTIONS OF NEW LIFE'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND INADMISSIBLE EVIDENCE

Come now, Robert E. Witt, President of the University of Alabama (hereinafter "President Witt"), and Finus P. Gaston, Ed.D, Senior Associate Athletic Director (hereinafter "Dr. Gaston") and submit this Motion to Strike Portions of New Life's Response to President Witt and Dr. Gaston's Motion for Summary Judgment and Inadmissible Evidence.  In support of this Motion, President Witt and Dr. Gaston say as follows:

{B1036224}

# INTRODUCTION

In Opposition to President Witt's and Dr. Gaston's Motion for Summary Judgment, New Life has submitted the following: (1) the Affidavit of Daniel Moore, (Doc. 228); (2) Opposition Brief (Doc. 229); (3) Evidentiary Submission, Part I, II, and III (Doc. 230-32); (4) Affidavit of Kirk Wood (Doc. 233); (5) Affidavit 2 of Daniel Moore (Doc. 234); and Motion to Amend the Opposition Brief (Doc. 235). President Witt and Dr. Gaston move to strike the portions of those filings which are inadmissible under the Orders of this Court or the Federal Rules of Evidence.

## I. NEW LIFE'S OPPOSITION BRIEF MISCHARACTERIZES EVIDENCE AND LAW BY FAILING TO CITE TO SPECIFIC QUOTES.

Rather than follow the Court's briefing rules governing citation to authorities, (Doc. 222), New Life instead repeatedly mischaracterizes the evidence and law. For example, New Life makes numerous claims that Gaston was angry and frustrated, but cite no evidence in support of these claims. *See, e.g.* Opp'n at 13 ("undertook his personal vendetta"); *id.* ("Gaston did it because he was angry at Moore"); *id.* at 22 ("Gaston went for the jugular vein"); *id.* at 24 ("Gaston's personal frustration with Moore . . . led him to try this last large economic pressure"); and *id.* at 25 ([i]t was an angry, frustrated effort"). In fact, these allegations are directly contrary to the actual testimony in this case. Gaston expressly testified that this dispute was not personal to him:

| | |
|---|---|
| Q. | It's nothing personal; it's just business? |
| A. | It's never been from my standpoint, no. |
| Q. | Well, from those chairs you occupy over at the athletic department, is this lawsuit personal? |
| A. | It's not personal to me. |
| Q. | Are you sure about that? |
| A. | I'm positive about that. |

Affidavit of Tabor R. Novak III, Ex. 7, Gaston Dep., Vol. I, at 166.

Even where New Life did actually cite to evidence, it often failed to quote the testimony and, instead, offered its own mischaracterization of the evidence. For example, the Opposition Brief states that "Gaston became so angry in January 2002 that he threatened to cut off all promotion, facilitation, and even suing Moore." Opp'n at 22 (citing Gaston Dep., Vol. II., at 178-79 & 206).  A review of the actual testimony reveals why New Life failed to quote a specific passage.  In fact, Dr Gaston testified that he was "hopeful that [the University and New Life] could reach some kind of resolution" to their dispute.  Novak Aff., Ex. 5, Gaston Dep., Vol. II at 178.  Gaston testified that, during the January 2002 meeting, he and Moore did "discuss th[e] possibility" of a lawsuit, but that he was not "threatening a lawsuit." *Id.* at 205, 206.

Likewise, New Life often misstated the law.  For example,  New Life cited *Spring Hill Lighting & Supply Co. v. Square D. Co.,* 662 So. 2d 1141, 1148 (Ala.

1995), for the proposition that "an allegation of intentional interference with business relations takes him [a state agent] out of immunity protection." Opp'n at 26. The page to which New Life cites does not, however, even discuss intentional interference with business relations. *Spring Hill Lighting*, 662 So. 2d at 1148. Moreover, nowhere in its opinion does the Court state that a mere allegation of intentional interference with business relations eliminates a defense of state-agent immunity. *See generally, Spring Hill Lighting,* 662 So. 2d 1141 (Ala. 1995).

For these reasons, this Court should strike all statements in New Life's Opposition which purport to refer to evidence or law that do not contain specific quotations.

## II. THE FIRST AFFIDAVIT OF DANIEL MOORE CONTAINS INADMISSIBLE STATEMENTS.

Moore's Affidavit contains numerous statements that are inadmissible hearsay, irrelevant conjecture, and improper character attacks. The table below sets forth the specific objections to each inadmissible statement.

| Statement | Objections |
| --- | --- |
| I was instructed in the disciplines of the fine arts and in particular, the fine art of painting. My numerous art professors and my extensive studies in Art History at UA all reinforced my innate belief that my fine art paintings are personal expressions of my soul and confirmed my belief that my paintings are vehicles that | Statements are irrelevant because they do not establish a fact that is material to the resolution of the motion for summary judgment. |

| | |
|---|---|
| carry messages to all who view them.  The art training I received at UA both encouraged and enhanced my ability to artistically express myself and to convey messages through my paintings.  I have been relentless in refusing to alter my position that the image area of my artwork is protected by the First Amendment. Moore Aff. (Doc. 228) at 1. | |
| My long held beliefs are reflected in the preface of my book:, *Crimson & White and Other Colors* (1999), where I state: "True art speaks a universal language that transcends cultural bounds.  It documents history. . . But above all, art communicates. No matter how accurately or realistically I execute a painting, if it does not communicate something of my heart and soul, then I have failed." Moore Aff. (Doc. 228) at 1. | Statements are irrelevant because they do not establish a fact that is material to the resolution of the motion for summary judgment. In addition, the statements are inadmissible hearsay. |
| Shortly after we sat down to review the contracts, Tank's telephone rang and he answered it. I heard him confirm, "Yes, he's down here." I recall Tank slowly shaking his head as he listened, and then with a grimaced face, he rolled his eyes and said, "Okay, I'll tell him." With that, the phone call, which I estimate lasted only 15 seconds, ended. Then, Tank looked at me with a sullen sigh and lamented, "That was Finus. He wants to see you up in his office when you get through shooting out there." Moore Aff. (Doc. 228) at 1. | The statements are inadmissible hearsay. |
| Over the many years of dealing with Gaston, I had experienced numerous occasions in which he came across to me as being conceited, rude and arrogant, and I had seen his anger surface. Moore Aff. (Doc. 228) at 1. | The statement is improper character evidence as the only basis for which it is being offered is on propensity. |
| I assumed that he was taking it personally that | Statement is an assumption based |

| | |
|---|---|
| my actions earlier that day had been consistent with my position that my First Amendment rights superseded "his" licensing program-conflicting issues that we had discussed before, when he didn't like my "attitude."  Moore Aff. (Doc. 228) at 1. | on pure speculation. |

### III. THE AFFIDAVIT OF KIRK WOOD AND THE SECOND AFFIDAVIT OF DANIEL MOORE ARE INADMISSIBLE BECAUSE THEY ARE BASED ON INADMISSIBLE HEARSAY AND THEY VIOLATE THE STATUTE OF FRAUDS, THE BEST EVIDENCE RULE AND THE PAROL EVIDENCE RULE.

In 1997, New Life entered into a contract with Collegiate Sports Partners Ltd, as the licensing agent of the estate of Paul W. Bryant, to license the image of Coach Bryant in one of New Life's prints and other products.  Novak Aff., Ex. 9, Bear Bryant Commemorative Stamp Limited Edition Print Agreement (hereinafter "Bryant Agreement").  The parties agreed that all royalties owed on these products would be paid directly to the University.  *Id.* at ¶ 5(a).  Almost eight years later, the University filed this action and included a claim seeking payment of all monies due the University.  Compl. ¶¶ 23-26.

In support of New Life's attempt to assert a new claim against President Witt based on statements attributed to him in the press after the lawsuit was filed, New Life now asserts, through the affidavit of Kirk Wood and the second affidavit of Daniel Moore, that the Bryant Agreement was amended in 1998.  These affidavits are, however, inadmissible because they contain inadmissible hearsay and violate the statute of frauds, the parol evidence rule and best evidence rule.

To begin, Wood's affidavit is inadmissible because the only substantive statement found in the affidavit is contained in a purported copy of an e-mail sent from Wood to New Life's counsel. Because that e-mail was an out-of-court statement which is being offered for the truth of its contents it is hearsay. The affidavit's attempt to copy the e-mail does not qualify for either the recorded recollection or the business record exception to the hearsay rule because it was created almost 8 years after the alleged amendment. Likewise, to the extent that Moore's affidavit is based on Wood's email, it too is inadmissible hearsay.

The Woods and Moore affidavits also violate the statute of frauds, the parol evidence rule and best evidence rule. The Bryant Agreement expressly provides that "[n]one of the provisions of this Agreement may be waived or modified, except in writing signed by both parties." Novak Aff., Ex. 9, Bryant Agreement ¶ 21. Moreover, it is a multi-year agreement that is subject to Alabama's statute of frauds. *Id.* at ¶ 1(e). The University is not aware of any such written amendment and neither New Life nor Wood has produced such a written amendment. Therefore, these statements in these affidavits about a purported amendment are inadmissible as such statements violate the statute of frauds, the parol evidence rule and best evidence rule.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, President Witt and Dr. Gaston respectfully request this Court strike the portions of the filings identified herein as they are inadmissible under the Orders of this Court or the Federal Rules of Evidence.

Respectfully submitted on this the 6th day of August, 2008.

/s/ Walter William Bates
Walter William Bates (ASB-7202-E49W)
Jay M. Ezelle (ASB-4744-Z72J)
Tabor R. Novak, III (ASB-3580-B60N)
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
P.O. Box 598512
Birmingham, Alabama 35209
(205) 868-6000
E-mail:  wwb@starneslaw.com
         jezelle@starneslaw.com
         tnovak@starneslaw.com

Jerre B. Swann
R. Charles Henn Jr.
Richard R. Edwards
KILPATRICK STOCKTON LLP
110 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
(404) 815-6500

**Attorneys for Plaintiff/Counterclaim Defendants**

# CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of August, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing, to the following attorneys of record:

| | |
|---|---|
| Walter W. Bates | WWB@starneslaw.com |
| R. Larry Bradford | lbradford@bradfordsears.com |
| Jay M. Ezelle | JME@starneslaw.com |
| Stephen D. Heninger | dana@hgdlawfirm.com |
| Justin B. Lamb | jlamb@bradfordsears.com |
| Tabor R. Novak, III | tnovak@starneslaw.com |
| Thomas C. Phelps, III | tphelps@bradfordsears.com |
| Jerre B. Swann | jswann@kilpatrickstockton.com |

/s/ Jay M. Ezelle

{B1036224}