FILED
2009 Aug-07  AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA, a public corporation, | ) ) ) ) | |
|     Plaintiffs/Counter-Defendants, | ) ) | |
| v. | ) ) | CV-05-UNAS-PT-0585-W |
| NEW LIFE ART, INC. and DANIEL A. MOORE, | ) ) ) | |
|     Defendants/Counter-Plaintiffs. | ) | |

DEFENDANTS'/COUNTER-CLAIMANTS' MOTION TO STRIKE PORTIONS OF WITT AND GASTON'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Come now Defendants/Counter-Claimants and move to strike portions of the Counter-defendants Reply Brief in Support of Their Motion for Summary Judgment on the grounds that the following portions were improper, inaccurate and intended to prejudice the Court regarding the pending motion.

1.   Counter-defendants state in their Reply brief: "In fact, at oral argument before the 11th Circuit, Judge Lanier Anderson characterized the claim as "bordering on being frivolous" and noted that he had "not seen a shred of evidence" showing that Witt and Gaston acted outside the scope of their capacity." (Reply Brief of Witt and Gaston at pg. 1)  No citation to any transcript is made.  If it were, the context of the dialogue would be clear to the fact that the reason no

such evidence was on the record at that point is because the motion for summary judgment had been struck and <u>no</u> response had yet been filed by the Counter-Claimants.  The issue on that interlocutory appeal was whether the striking of the motion was an abuse of discretion.  It is incredible and prejudicial that these parties would cite such a statement when they know the record on appeal had no such reply or evidentiary submission because the motion had been stricken.  To attempt to influence the Court by a statement that an 11th Circuit Judge made at the oral argument without any evidence yet submitted by Counter-Plaintiffs is improper, inaccurate and prejudicial.  The Court is well aware of the fact that the first opportunity for Counter-Plaintiffs to present evidence and brief the issue of qualified immunity took place just two weeks ago under this Court's new scheduling order.  The record was understandably and procedurally devoid of the evidence that shows this claim to be meritorious at the time of the interlocutory appeal.  The attempts to characterize this comment as a judicial finding is intended to influence this Court with the impression that the 11th Circuit was passing on the merits of this Counterclaim.  Making such an assertion by taking advantage of the fact that Counter-Plaintiffs had not yet been allowed to present their evidence and brief borders on bad faith.  Therefore, this portion of the brief is due to be struck.

    2.    The Reply Brief states that the 11th Circuit's Order allows the consideration of defenses other than qualified immunity.  (Reply Brief at pp. 1-2)

The Order dealt <u>only</u> with the two issues on appeal: 1) whether the trial court erred in striking the Counter-Defendants belated Answer, and 2) whether the trial court erred in striking the motion for summary judgment on the counterclaim because of the issue of qualified immunity. Of course, the 11th Circuit held that it would affirm the striking of the answer but reverse the striking of the motion for summary judgment. The 11th Circuit did not say that <u>other</u> defenses were to be allowed. The order specifically and tightly observed "we conclude that all of the defenses raised in the Reply to counterclaim and in summary judgment motion are <u>inextricably intertwined</u> with the state agent immunity defense <u>for the purpose of this appeal</u>." (Slip opinion at pg. 1) (emphasis added) It is improper and inaccurate to state that the 11th Circuit was ordering the Court to consider other affirmative defenses not pleaded such as the statute of limitations. Therefore, this portion of the Reply Brief is due to be stricken.

    3.    The Reply Brief raises an issue of advice of counsel when no such defense was ever pleaded since there is no Answer or Pre-Trial Order Position on that matter. Yet on page 7 of the Reply brief the Counter-Defendants state: "Moreover, Gaston testified that the decision was made after consultation with University Counsel and the Athletic Director." A similar statement is made on page 10 of the Reply Brief. Raising such a shield at this stage and then stating that "New Life also does not dispute that the obligation to the Proposed Sponsorship

Agreement between CTSM and New Life was made after Gaston consulted with University Counsel and the Athletic Director" is improper and prejudicial. (Reply Brief at pp. 12-13) It is gamesmanship to raise this issue and then assert we are unable to dispute a statement that would be shielded from discovery as advice of counsel. This portion is due to be stricken.

        Respectfully submitted,

        s/Stephen D. Heninger
        Stephen D. Heninger [ASB5227E68S]
        Heninger Garrison Davis, LLC
        P. O. Box 11310
        Birmingham, Alabama 35202
        Telephone: (205) 326-3336
        Facsimile: (205) 326-3332
        E-mail: Steve@hgdlawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of _____, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jay M. Ezelle, Esq.
Tabor R. Novak, III, Esq.
Walter W. Bates, Esq.
STARNES & ATCHISON, LLP
P. O. Box 598512
Birmingham, Alabama 35209
Tel: 205-868-6000
Fax: 205-868-6099
jezelle@starneslaw.com

R. Larry Bradford, Esq.
Justin B. Lamb, Esq.
BRADFORD & SEARS, P.C.
2020 Canyon Road, Suite 100
Birmingham, Alabama 35216
Tel:   205-871-7733
Fax:   205-871-7387
rbradford@bradfordsears.com

And I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Richard R. Edwards, Esq.
Jerre B. Swann, Esq.
Christopher J. Kellner, Esq.
KILPATRICK STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Tel:   404-815-6500
Fax:   404-815-6555
raedwards@kilpatrickstockton.com

                                          s/Stephen D. Heninger
                                          Stephen D. Heninger [ASB5227E68S]
                                          Erik S. Heninger [ASB1189K46H]
                                          Heninger Garrison Davis, LLC
                                          P. O. Box 11310
                                          Birmingham, Alabama 35205
                                          (Telephone) 205.326.3336
                                          (Facsimile)  205.326.3332
                                          E-mail:       Steve@hgdlawfirm.com