IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

**UNIVERSITY OF ALABAMA BOARD
OF TRUSTEES**

        **Plaintiff,**

v.                                                                **CV 05-UNAS-PT-585-W**

**NEW LIFE ART INC., et al**

        **Defendants.**

ADDENDUM
TO
MEMORANDUM OPINION

In its Memorandum Opinion filed on November 2, 2009, this court allowed the parties to make further suggestions after reviewing that opinion. Each party has done so. The court will expand on its discussion.[1]

<u>Colors As Distinctive</u>

The plaintiff has asserted in its Response filed on November 6, 2009 that the court has "concluded that the University's colors and uniforms are not distinctive." The court has not held and does not hold that the colors in the Alabama uniforms are not distinctive. What the court has held is that the Supreme Court case of *Wal-Mart Stores, Inc. V. Samara Brothers, Inc.*, 529 U.S.

---

[1] The court allowed the parties to comment on the November 2, 2009 Memorandum Opinion so that the court could possibly avoid misunderstandings. The court will further attempt to do so after considering the parties' comments. The court recognizes that it may have created some confusion with regard to whether it holds that the plaintiff has a weak mark as to the uniforms. The court holds that it does. The court also holds that there is some likelihood of confusion with regard to the use of said mark. The court's rulings in favor of the defendants are based purely on their Artistic Expression, First Amendment and Fair Use defenses as related to the fine art paintings and prints as discussed and described.

205 (2000) held that colors cannot be considered to be *"inherently* distinctive." As this court stated in note 11 of the earlier memorandum opinion, colors can become distinctive of a non-inherent sort if they have acquired a secondary meaning. This holding in *Wal-Mart v. Samara* was based upon an earlier similar holding in *Qualitex Co. V. Jacobson Products Co.*, 514 U. S. 159 (1995). *Also see Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992). The court has held and does hold that the color on the uniforms has become somewhat distinctive by virtue of secondary meaning as discussed in *Samara* and *Qualitex*.

As to plaintiff's arguments in the plaintiff's Response filed on November 6, 2009 that the broad statement of colors "Crimson PMS 201 and Gray PMS 429" are protectable trade dress in and of themselves, the court is of the opinion that such an argument is non-meritorious. The following statement of the plaintiff in its November 6, 2009 Response (note 2) is highly questionable. "The definition is written broadly to include the use of colors in any context and is not limited to the use of colors only when used with another University mark." This statement is made with reference to the statement that "licensed Indicia means the names ... and colors." Query: Could one have a protectable mark on "blue," "green," etc. without some relationship to a "dressed" product? The court thinks not.[2] If the parties had intended that colors on uniforms were intended to be marks, one would think that a uniform would have been pictured and shown in the Appendices. The court again questions why the dispute arose prior to the 2000 termination if the uniforms were already covered by the license agreements.

In note 5 of said Response, the plaintiff quotes a statement from an exhibit to the license

---

[2]The court addressed this issue regarding colors as "Indicia" primarily with regard to any argument that plaintiff might make that defendants have contractually agreed to a post license protectable mark as to the uniforms.

agreement(s): "In addition to the Indicia shown above, any Indicia *adopted or hereafter used or approved for use* ... shall be deemed to be additions to the Indicia as though shown above and shall be subject to the terms and conditions of the Agreement." Query: Were the colored uniforms later "adopted or hereafter used," or had they been adopted and used for a long period?

Plaintiff cites *Smack Apparel Co.* and *Texas Tech Univ. V. Spiegelberg*, 461 F.Supp.2d 510, 520 (N.D. Texas 2006).[3] This court again notes that it too has held that the trade dress mark is protectable with regard to such items as t-shirts (*Smack Apparel*) and apparel and novelties (*Texas Tech*). Plaintiff has cited a number of cases wherein Artistic Expression and First Amendment defenses were not involved. This court has also relied on such cases with regard to its conclusions concerning ordinary products. It should be remembered that even where there is a mark and likelihood of confusion, the Artistic Expression and First Amendment defenses may still, on balance, prevail, whether the mark is strong or weak.[4]

The plaintiff has, perhaps justifiably, criticized certain observations of the court. Some of these observations merely addressed arguments of the plaintiff and the defendants which are not controlling (strength of mark, survey, etc.) to the court's final decisions. Those that are not relevant to final decisions may be ignored.

---

[3] This court recommends a full reading of the well-written *Texas Tech* case. This case may or may not have been cited by the parties prior to the November 6, 2009 Response of plaintiff. This court generally agrees with the *Texas Tech* case but notes that it does not discuss fine art, Artistic Expression or the First Amendment. The court agrees with its discussion as to ordinary products. The court further notes that the marks at issue included Double T, Red Raiders, Raider Red, Raider, Masked Rider. These are the marks which the court considered to be strong. The products included apparel, flags, signs, dishes, novelties, etc. The court noted that, "confusion is more likely if the products in question are impulse items or are inexpensive." The defendants here were not selling the football uniforms, just depicting them in rather expensive fine art.

[4] The plaintiff has not cited any contrary fine art case.

<u>Distinction Between
Fine Art and
Images on T-Shirts,
Mugs, Etc.</u>

While the court held that the mark is weak and a finding of likelihood of confusion not controlling, it did so as part of a determination that in an analysis of the Artistic Expression and First Amendment defenses there has to be a balancing of likelihood of confusion with the public interest. While the court finds a weak mark and some likelihood of confusion, the evidence does not overcome the Artistic Expression and First Amendment defenses when balanced with the public interest in the fine art limited edition paintings and prints. It is the court's further conclusion that neither these defenses nor the Fair Use defense defeat the plaintiff's claims regarding mini-prints, t-shirts, calendars, mugs and other mundane articles. In this latter regard, the court again notes the *Laite*, *Boston Prof. Hockey* and *Smack Apparel Co.* cases.

<u>Strength of Mark</u>

While the court has held and does hold that the plaintiff has a protectable mark in the trade dress of the uniforms, it has discussed such issues as degree of distinctiveness, transformation, functionality, etc. in the light of a holding that the public interest overcomes the likelihood of confusion with regard to the Artistic Expression and First Amendment defenses. The court could have perhaps made it clearer that it concludes that the plaintiff has a weak mark (contrary to plaintiff's insistence that it has a strong mark) as to which there is some likelihood of confusion. The court is of the opinion that it made it clear that its conclusions with regard to protection were different as to the fine art and the mundane articles because the Artistic Expression, First Amendment and Fair Use defenses are applicable to one, but not the other.

Perhaps the court has addressed too much. It could have simply held that, on these issues, plaintiff prevails on its claims regarding ordinary products and defendants prevail on their claims regarding their fine art paintings and prints based on the Artistic Express and First Amendment defenses. See attached Exhibit A for a possible short version of an opinion.

Response to Responses

In a Response filed on November 17, 2009, the plaintiff repeats that this court has held that the University's uniform colors are not distinctive. Again, the court has held that they are not *inherently* distinctive,[5] but are somewhat distinctive based on secondary meaning. In view of the court's determination that the defendants are entitled to prevail on their Artistic Expression/First Amendment defenses, it is likely immaterial as to whether the colors are a mark, distinctive or otherwise, with regard to the fine art. The court discussed the issue in the event it has any bearing on the First Amendment balancing between the mark and likelihood of confusion, and the *public interest.*

In a further misstatement, plaintiff says: "For example, in support of its finding that the University's colors and uniforms are not inherently distinctive, the court ... ." The court has repeatedly made clear that its conclusion that the colors are not *inherently* distinctive is based on the law of *Samara Brothers*, as further stated in *Qualitex* and *Two Pesos*. The plaintiff tends to shoot at the discussion of the court which is not necessary to its fine art conclusion and ignore the fact that the court has agreed with the plaintiff as to the ordinary items. Of course, the defendants have disagreed with the latter conclusion. Plaintiff's Response remarkably fails to address the

---

[5] See note 1 of said Response and compare the title of I to the content of the note. Plaintiff continues to ignore or to evade the distinction. Plaintiff also continues to ignore or evade the fact that the *Smack* case did not involve fine art. This court has followed *Smack* with reference to ordinary items.

defenses.

The plaintiff also complains that the court discusses "functionality," another issue not controlling as to the fine arts conclusion.⁶ Whether the defendants did or did not use the term is not controlling. Again, the plaintiff shoots at an issue which is not controlling as to the fine art Artistic Expression/First Amendment defenses. Further, the court has ruled in plaintiff's favor as to ordinary items.

The court will not continue to address the arguments made in plaintiff's Response filed on November 17, 2009. Presumably, the real issue should be whether the court's final rulings are correct or incorrect, not whether the opinion is subject to pot shots for making statements which are not necessary to the conclusions. One should ask whether the final fine art ruling should be different even if all the plaintiff's complaints are justified.⁷ Defendants' Response filed on November 10, 2009 addresses an esoteric issue of the relationship between trademark law and copyright law. While there are cases which address the relationship between expired copyrights and trademarks,⁸ the court has not found nor been cited a case directly on point. The court concludes that a party cannot gain through copyright law a priority over a trademark by virtue of infringing on that very mark. In any event, this simply presents another reason why these issues should be finally decided before a money damage trial is held.

---

⁶For a good discussion of distinctiveness, functionality, etc. see *Publications Intern., Ltd. v. Landoll, Inc.*, 164 F.3d 337 (7th Cir. 1998).

⁷Is a court required to accept a party's arguments, even if perceived to be wrong, if another party does not specifically object to them?

⁸See *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

This the 19th day of November, 2009.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

**UNIVERSITY OF ALABAMA BOARD**
**OF TRUSTEES**

       **Plaintiff,**

v.                                                                                                   CV 05-UNAS-PT-585-W

**NEW LIFE ART INC., et al**

       **Defendants.**

**POSSIBLE SHORT VERSION MEMORANDUM OPINION**

This is a simple case. It is not disputed that the defendants' limited edition type paintings are fine art. The court further concludes, after considering the evidence and the cited law, that the plaintiff has a protectable mark on the football uniforms of the University of Alabama and that defendants' paintings and prints create a likelihood of confusion as to the source or sponsorship of said paintings and prints. The court further concludes, however, that the defendants are entitled to prevail on their Artistic Expression/First Amendment defenses (and, perhaps, Fair Use defense) as to the fine art paintings and prints. The court further concludes that the plaintiff is entitled to prevail on its claim that the defendants infringe on its trade dress (uniforms) mark when it produces, creates, manufactures, sells, distributes or otherwise deals in representations of said uniforms on mugs, cups, towels, calendars, mini-prints, or other impulse purchase and/or inexpensive items which are unlike the fine art described above, during any period when plaintiff has not licensed the defendants to do so. The defendants have acknowledged that they have no right to use certain defined marks of plaintiff without a license

to do so.

The court further concludes that any claims or counterclaims for money damages which accrued more than six (6) years prior to the filing date of this action are barred by laches.